[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on the respondent/father's Motion to Dismiss based upon a claim of lack of subject matter jurisdiction.
Amanda M. was born on January 14, 1998. On January 16, 1998 the Department of Children and Families exercised a 96-hour hold. On January 20, 1998 this court entered an Order of Temporary Custody, (OTC). The underlying petition alleged neglect/permitted to live under conditions, circumstances or associations injurious to well being. On January 26, 1998, The parties appeared at the OTC hearing, represented by private counsel. The OTC was sustained, with the respondents' counsel indicating that he wanted a hearing but needed some time to prepare.
On February 9, 1998, the OTC was reaffirmed without prejudice to parents, proforma denials were entered to the petition and evaluations were ordered. On June 22, 1998 parents' counsel did not appear at a scheduled hearing on a Motion for Appointment of Guardian Ad Litem (GAL) for the parents. On July 20, 1998, parents' counsel appeared, agreed to the appointment of a GAL for each parent and indicated he would be filing Motions to Withdraw his representation. On that date, an attorney and a guardian was appointed by the court to represent each parent. The matter was then scheduled for a case status conference on August 13, 1998 and from there scheduled for a court hearing on a Motion to Amend the Petition as well as a plea and disposition on September 28, 1998.
This hearing was postponed because respondent/father's attorney was unable to attend. The matter was then rescheduled for October 28, 1998.
On that date the respondent/father appeared with counsel and his guardian ad litem. The Motion to Amend the petition was granted to include uncared for/specialized needs. The respondent/father, represented by counsel and his GAL, executed a nolo plea to the uncared for/specialized needs allegation. The CT Page 2175 court canvassed him and found the plea to be knowingly and voluntarily entered with the advice and assistance of competent counsel and the consent of the GAL. The court further found that there were sufficient facts to accept his plea which included: a history of chronic psychiatric problems and substance abuse on the part of both parents, concerns of the hospital of mother's ability to care for a newborn with her diagnosis, and the opinion of the Senior Attending Psychiatrist at Norwalk Hospital that the newborn baby would be at imminent risk if she were discharged in the care of her parents.
That any normal infant has "specialized needs" has been previously addressed in the Appellate Court's affirmation of a finding that a mentally ill mother was unable to meet the special needs of a normal newborn. In re Carl O., 10 Conn. App. 428
(1987). Section 46b-121(a) of the Connecticut General Statutes references the matters subject to the jurisdiction of this court, which include" uncared for" children.
Accordingly the Motion to Dismiss is denied.
Honorable. Maureen D. Dennis